UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHELDON B. ANTER** | : | **DOCKET NO. 2:12-cv-0076**<br>**Section P** |
| **VS.** | : | **JUDGE HAIK** |
| **ATTORNEY GENERAL ERIC HOLDER JR.** | : | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Sheldon B. Anter, pursuant to 28 U.S.C. § 2241.  This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner, a native or Trinidad & Tobago, alleges that on July 27, 1992, he was served with an Order to Show Cause alleging that petitioner was subject to deportation based on his having been convicted of forgery and simple possession of cocaine pursuant to INA § 241(a)(2)(A)(i) and § 241(a)(2)(B)(i), respectively.

On May 20, 1993, petitioner appeared telephonically before an Illinois immigration judge, represented by counsel.  At that time, petitioner conceded the allegations and charges contained in the Order to Show Cause, and informed the court that he would seek discretionary relief from deportation pursuant to former INA § 212(c).

The judge set June 20, 1993 as the deadline for petitioner to file his § 212(c) relief application.  The judge advised that if an application was not timely filed, the court would

deem the request for relief abandoned and enter an Order of Deportation.  In the event an application for § 212(c) relief was timely filed, a hearing on the application was set for April 12, 1994.

Petitioner did not file an application for § 212(c) relief.  Accordingly, on December 7, 1993, the immigration judge ordered that petitioner be deported to Trinidad.  In so ordering, the judge expressly noted that petitioner had not filed an application for § 212(c) relief on or before the June 20, 1993 deadline or prior to the December 7, 1993 entry of the deportation order.  Accordingly, the judge found petitioner's request for relief abandoned, and denied any request for additional relief for lack of prosecution.

Petitioner alleges that neither he nor his counsel were sent notice of the deportation order.  Accordingly, he was unable to appeal the immigration judge's deportation order.

In this *habeas* petition, petitioner claims that  his deportation order is invalid because the immigration judge failed to properly advise him of his appellate rights and "prematurely" ordered his deportation, and also because the immigration court failed to provide him with proper notice of the entry of the deportation order, depriving him of his appellate rights. Thus, petitioner contends that his deportation order and resulting detention pending deportation are unconstitutional.

## LAW AND ANALYSIS

**Jurisdiction**

As a threshold matter, this court must consider its jurisdiction to review petitioner's challenge to his deportation order.

On May 11, 2005, President Bush signed into law the "REAL ID Act of 2005. *See* Pub.L.No.109-13, Div. B, 119 Stat. 231.[1] Section 106 of this Act specifically addresses judicial review of removal orders.[2] Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a)[3] to clarify that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order.

These jurisdictional amendments became effective upon enactment of this Act. *See* § 106(b). Thus, the Fifth Circuit has repeatedly held the REAL ID Act has divested federal district courts of jurisdiction over § 2241 petitions attacking removal orders. *See Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1055 (2006) (after REAL ID Act, appellate court is now exclusive forum for challenge to removal order)*; Hernandez-Castillo v. Moore*, 436 F.3d

---

[1] The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

[2] The INA no longer uses the term "deportation", but rather now refers to the process as "removal."

[3] Section 106(a)(1)(A)(iii) of the Real ID Act adds the following language to INA § 242(a): (5) EXCLUSIVE MEANS OF REVIEW.-- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).   codified at 8 U.S.C. § 1252(a)(5).

516, 518 (5th Cir. 2006) (REAL ID Act explicitly forecloses *habeas* review of removal orders); *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 511 (5th Cir. 2006) (*habeas* jurisdiction to review removal orders issued on basis of alien's conviction of aggravated felony foreclosed by REAL ID Act); *Merlan v. Holder,* 667 F.3d 538, 539 (5th Cir. 2011) *citing Rosales, supra.*; *Castillo-Perales v. Holder*, 411 Fed.Appx. 695, 695-696 (5th Cir. 2011) *citing Rosales, supra.*; *Alvarado v. Holder*, 394 Fed.Appx. 70, 71 (5th Cir. 2010) *citing Rosales, supra*.

In light of this legislation and binding Fifth Circuit jurisprudence, the undersigned finds that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition which challenges his removal order.

Further, because this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case.[4]  *See Castillo-Perales*, 411 Fed.Appx. at 696 *citing Mansoor v. Gonzales,* 188 Fed.Appx. 273 (5th Cir.2006)*; see also Chen v. Gonzalez*, 435 F.3d 788, 790 (7th Cir. 2006).  Thus;

**IT IS RECOMMENDED** that this petition be **DISMISSED** for lack of jurisdiction.

---

[4] Section 106(c) of the Real ID Act states as follows:
(c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, **is pending in a district court on the date of the enactment of this division**, **then the district court shall transfer the case** (or the part of the case that challenges the order of removal, deportation, or exclusion) **to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act** (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply. (emphasis added).

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, March 14, 2012.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE